UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ESTELLA M. GUILLEN, et al.,

    Plaintiffs,

v.

AMERICAN HOME MORTGAGE SERVICING, INC., et al.,

    Defendants.

2:11-CV-1068 JCM (CWH)

**ORDER**

Presently before the court is defendants American Home Mortgage Servicing, Inc., et. al.'s motion to dismiss. (Doc. #8). Defendants contemporaneously filed a motion to expunge lis pendens. (Doc. #11). Plaintiffs Estella Guillen, et. al. filed oppositions to these motions. (Docs. #13 and #14). Defendants then filed replies. (Docs. #17 and #18).

In April 2006, plaintiffs obtained a $375,000 mortgage loan, secured by real property at 11278 Tuscolana St., Las Vegas, Nevada. Plaintiffs failed to make monthly mortgage payments. Therefore, pursuant to NRS §§ 107.080, *et seq.*, defendant AHMSI Default Services, Inc. commenced non-judicial foreclosure proceedings by recording a notice of default and election to sell under deed of trust. Defendant American Home Mortgage Servicing, Inc. purchased the property at a public foreclosure sale on August 28, 2008.

Plaintiffs filed their complaint in state court on May 31, 2011. (Doc. #1, Ex. 1). Defendants removed the case to federal court on June 29, 2011. (Doc. #1). Plaintiffs' complaint alleges four

**James C. Mahan**
**U.S. District Judge**

causes of action against all of the defendants: (1) wrongful foreclosure, (2) slander of title, (3) civil conspiracy, and (4) quiet title. (Doc. #1, Ex. 1). Defendants now move to dismiss each of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. #8). Defendants also move the court to expunge the notice of lis pendens. (Doc. #11).

### Legal Standard

Contrary to plaintiffs' assertion, the court applies the Federal Rules of Civil Procedure. "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)).

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

### Discussion

**I.      Wrongful Foreclosure**

Defendants argue that the wrongful foreclosure claim should be dismissed because plaintiffs

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  have "neglected to allege or show that they were not in default under the terms of the [n]ote." (Doc.
2  #8).
3      "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
4  establish that at the time . . . the foreclosure occurred, no breach of condition or failure of
5  performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.
6  1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in
7  default when the power of sale was exercised." *Id.*
8      Plaintiffs' wrongful foreclosure claim is premised on the assertion that the "wrong party or
9  parties" instituted the foreclosure. (Doc. #13). Plaintiffs allege that by divorcing the deed of trust
10 from the promissory note, the loan was no longer secured and neither MERS nor AHMSI Default
11 Services, Inc. had a right to institute foreclosure proceedings. (Doc. #13). This argument has been
12 rejected by the Ninth Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, – F.3d –, 2011 WL
13 3911031, *6-7 (9th Cir. Sept. 7, 2011).
14     In light of the Ninth Circuit's *Cervantes* decision, plaintiffs have failed to state a claim for
15 wrongful foreclosure upon which relief can be granted. *See id.*; FED. R. CIV. P. 12(b)(6).
16 **II.    Slander of Title**
17     "The requisites to an action for slander of title are that the words spoken be false, that they
18 be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result
19 of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).
20     Again, plaintiffs' slander of title allegations are premised on the alleged illegality of the
21 MERS system. (*See* Doc. #1). Plaintiffs allege that the defendants had no legitimate enforceable
22 interest in the note and, thus, "participated in recording, filing, mailing and/or otherwise publishing
23 false title-related documents containing erroneous claims . . . ." (Doc. #1, Ex. 1). Considering the
24 Ninth Circuit's holding in *Cervantes*, plaintiffs have failed to establish that the "words spoken be
25 false." *See Rowland*, 662 P.2d at 1335; *Cervantes*, 2011 WL 3911031, at *6-7. Plaintiffs
26 additionally have failed to demonstrate that they have sustained a special damage as a result of
27 defendants' words. *See Cervantes*, 2011 WL 3911031, at *4. Therefore, they have failed to state
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

a claim for slander of title upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

## III. Civil Conspiracy

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins*, 662 P.2d at 622. To assert a valid claim for civil conspiracy, plaintiffs must identify the required "unlawful objective." *Morris v. Bank of America Nevada*, 886 P.2d 454, 456 (Nev. 1994).

Plaintiffs' civil conspiracy claim fails under the controlling *Cervantes* case. *See Cervantes*, 2011 WL 3911031, at *4. The allegations in the complaint fail to establish that the defendants intended to accomplish an "unlawful objective." *Collins*, 662 P.2d at 622. Similarly, the allegations do not establish that defendants' actions caused plaintiffs any "injury" or harm. *See id.*; *Cervantes*, 2011 WL 3911031, at *4. Therefore, plaintiffs' civil conspiracy claim must be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

## IV. Quiet Title

After the court's dismissal of the previous three claims, plaintiffs' quiet title claim must also fail. Plaintiffs' quiet title action is based on the faulty assumption that "rogue or otherwise improper" parties are claiming ownership interests in the property. (Doc. #13). However, controlling case law in the Ninth Circuit and Nevada show that plaintiffs' allegations are not meritorious. *See, e.g.*, *Cervantes*, 2011 WL 3911031; *Collins*, 662 P.2d 610. Plaintiffs' quiet title claim is dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

## V. Leave to Amend

Defendants move the court to grant their Rule 12(b)(6) motion without leave to amend. (Doc. #8). A court may grant a motion to dismiss without leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Finding that the pleading could not be cured by other facts, the court grants defendants' instant motion to dismiss without leave to

1 amend.

2 **VI. Motion to expunge notice of pendency action**

3 Finally, defendants move the court to expunge notice of lis pendens. (Doc. #11). Pursuant
4 to NRS 14.015(3), the party who recorded the notice "must establish to the satisfaction of the court
5 . . . [t]hat the party . . . is likely to prevail in the action."

6 Here, plaintiffs have not demonstrated that they are likely to prevail in the action. The court
7 has dismissed all four claims in the complaint for failure to state a claim upon which relief can be
8 granted. The court has further found that leave to amend would be futile. Accordingly, plaintiffs
9 have not established a likelihood of success. NRS 14.015(3).

10 Accordingly,

11 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants American
12 Home Mortgage Servicing, Inc., et. al.'s motion to dismiss (doc. #8) be, and the same hereby is,
13 GRANTED.

14 IT IS FURTHER ORDERED that defendants American Home Mortgage Servicing, Inc., et.
15 al.'s motion to expunge lis pendens (doc. #11) be, and the same hereby is, GRANTED.

16 DATED October 28, 2011.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -